U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
AUG 27 2009
CHRIS R. JOHNSON, Clerk
By_____
       Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

TODD COCKRILL, SPECIAL ADMINISTRATOR OF
THE ESTATE OF BETTY J. WHATLEY, DECEASED                               PLAINTIFF

VS.                       NO. CV-2009- 1039

BAPTIST HEALTH d/b/a BAPTIST HEALTH MEDICAL CENTERS;
ABDALLA TAHIRI; PATRICIA VICKERS; JOHN DOE 1;
JOHN DOE 2; JOHN DOE 3; JOHN DOE 4; JOHN DOE 5;
JOHN DOE 6; JOHN DOE 7; JOHN DOE 8; JOHN DOE 9
AND JOHN DOE 10                                                        DEFENDANTS

## COMPLAINT

Todd Cockrill, Special Administrator of the Estate of Betty J. Whatley, deceased, for his Complaint herein, states:

1. Betty J. Whatley died a citizen and resident of Rodessa, Louisiana, on March 1, 2008, as a result of an anoxic brain injury suffered on August 30, 2007, while a patient at the Baptist Health Medical Center in Little Rock, Pulaski County, Arkansas.

2. Todd Cockrill is the Special Administrator of the Estate of Betty J. Whatley, deceased, duly appointed by the Circuit Court of Pulaski County, Arkansas, Probate Division, 12th Division, No. DE-2009-301, and authorized to bring this action. For purposes of diversity jurisdiction, the Special Administrator is a citizen of the State of Louisiana. 28 U.S.C. 1332(C)(2)

3. Baptist Health d/b/a Baptist Health Medical Centers is a non-profit corporation organized under Arkansas law. The registered agent for service is Russell D. Harrington, Jr., 9601 Interstate 630, Exit 7, Little Rock, Arkansas, 72205.

4. Baptist Health d/b/a Baptist Health Medical Centers operate hospitals and medical care facilities in Pulaski County, Clark County and Hot Spring County, as well as

other parts of Arkansas. Clark County and Hot Spring County are in the Western District of Arkansas. 28 U.S.C. 83(b)(6) Therefore, venue is proper in the Western District of Arkansas under 28 U.S.C. 1391(C).

5. On August 30, 2007, the plaintiff's decedent, Betty J. Whatley, was a patient at the Baptist Health Medical Center in Little Rock, Arkansas. At that time and place she was under the care of Drs. Abdalla Tahiri and Patricia Vickers. The John Doe defendants are agents, servants and employees of the Baptist Health d/b/a Baptist Health Medical Centers, including nurses, nurse anesthetists or other medical professionals who were sharing in the care of Betty J. Whatley, but whose actual identity is presently unknown. All of the defendants are residents of Arkansas.

6. On August 30, 2007, Betty J. Whatley was anesthetized for an esophagogastroduodenoscopy. During the procedure her airway was obstructed and she suffered a pulmonary and cardiac arrest. This fact was not discovered until the procedure was completed. At that time a crash cart was summoned, but by the time heart beat and respiration were restored, a period of time in excess of seven minutes had expired and Mrs. Whatley had suffered a permanent anoxic brain injury. Mrs. Whatley never recovered from this injury and never regained consciousness.

7. Mrs. Whatley was ultimately transferred to Willis-Knighton Medical Center in Shreveport, Louisiana, where she died of renal failure and other complications of anoxic brain injury. Mrs. Whatley died on March 1, 2008.

8. The defendants and each of them were negligent in the following respects, to-wit:

   a. Failed to properly monitor Mrs. Whatley during the esophagogastroduodenoscopy to prevent the obstruction of the trachea and loss of respiration and circulation;

   b. Failed to properly monitor Mrs. Whatley during the procedure so that the loss of respiration and circulation could be detected and the procedure terminated and

respiration and circulation restored before Mrs. Whatley suffered the anoxic injury to her brain;

c. Failed to carry out or to require that the procedure be carried out utilizing the services of an anesthetist or anesthesiologist to monitor Mrs. Whatley's heart rate and respiration so that, when these functions became compromised, the procedure could have been terminated or interrupted until circulation and respiration could be restored;

d. Failed to restore respiration and circulation before the expiration of seven minutes after it was discovered that Mrs. Whatley was not breathing and her heart was not beating;

e. Failed to properly recognize and observe the proper precautions to prevent a patient at special risk for loss of respiration and circulation, as was Mrs. Whatley, from, in fact, losing respiration and circulation during the procedure;

f. Failed to supply adequate information to obtain informed consent by Mrs. Whatley and her family to the procedure, given the fact that she was at special risk for loss of respiration and circulation; and

g. Failed to have a crash cart adequately staffed, manned and available when it was discovered that Mrs. Whatley was not breathing and her heart was not beating so that respiration and circulation could be restored sooner than seven minutes.

9. The negligence of the defendants was a proximate cause of Mrs. Whatley's anoxic brain injury and her resulting death.

10. Mrs. Whatley was survived by the following statutory beneficiaries under the Arkansas Wrongful Death Statute:

    a. Her husband, William Max Whatley, of Rodessa, Louisiana;
    b. Her daughter, Janice Cockrill, of Cabot, Arkansas;
    c. Her son, Randy Whatley, of Ida, Louisiana; and
    d. Her daughter, Cathy Moulder, of Austin, Arkansas.

11. Todd Cockrill, the Special Administrator, seeks to recover for the following:

    a. The pecuniary injuries sustained by her husband and the other statutory beneficiaries;

    b. The mental anguish suffered and reasonably probable to be suffered in the future by her husband and any other statutory beneficiaries; and

    c. The loss of consortium of Max Whatley.

  12. The Special Administrator is also suing for the following elements of damage on behalf of the estate:

    a. The decedent's loss of life;

    b. The reasonable value of the decedent's funeral expenses;

    c. The medical expenses attributable to the fatal injury;

    d. The visible results of the injury sustained by the deceased prior to her death; and

    e. The reasonable expense for all necessary help and medical attention required as a result of the decedent's injuries.

  13. Plaintiff requests a trial by jury.

WHEREFORE, premises considered, the Special Administrator, Todd Cockrill, prays for damages against the defendants and in favor of each of the statutory beneficiaries and for the estate in an amount in excess of that required for federal diversity jurisdiction.

            THOMAS, HICKEY & SHEPHERD, L.L.P.
            423 N. Washington
            El Dorado, AR  71730
            Ph: (870) 862-3478
            Fax: (870) 862-7228

            BY: _____
            Floyd M. Thomas, Jr. (AR Bar #74-145)
            Attorney for Plaintiff